991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome M. ROSS, Defendant-Appellant.
 No. 92-5184.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 9, 1992
Decided: April 23, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-90-54-E)
 Gregory T. Hinton, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Lisa A. Grimes, Assistant United States Attorney, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Jerome M. Ross appeals from his conviction for mail fraud in violation of 18 U.S.C.A. § 1341 (West 1984 & Supp. 1992), and for misapplying federally insured student loan funds in violation of 20 U.S.C. § 1097(a) (1988). Ross argues that there was insufficient evidence to find him guilty of mail fraud.[1] Because we find sufficient evidence that Ross knew or had reason to know that the mails would be used in furtherance of his scheme, we affirm the conviction.
 
 I.
 
 2
 The evidence at trial established that Ross applied for and obtained a Guaranteed Student Loan ("GSL") and a Pell Grant, claiming that he would be attending, in the fall semester of 1985, West Virginia Northern Community College ("WVNCC"). After completing Section A of the application packet, Ross submitted the GSL application to WVNCC. Ross also completed a promissory note, certifying that the loan proceeds would be used for educational purposes, or else he would return any funds received. WVNCC completed Section B of the application and mailed it to the lending institution, Fed One in Wheeling, West Virginia. Upon completing Section C, Fed One mailed the application to the Higher Education Assistance Fund ("HEAF") in St. Paul, Minnesota, which returned the application and a Notice of Guarantee for the loan. Fed One mailed Ross's GSL check to WVNCC.
 
 
 3
 Since Ross had previously been on academic probation, his loan eligibility for the fall semester in 1985 was limited. In addition, WVNCC would not allow Ross to attend class until he had received approval for financial aid. Even after Ross received financial aid approval, WVNCC would not release his GSL check until he obtained written permission for late registration from his professors. Ross attended classes and obtained written permission on August 27 and 28, 1985. Subsequently, WVNCC issued a GSL check in the amount of $1166.41.
 
 
 4
 Ross never attended classes after receiving his GSL check.[2] Furthermore, he failed to notify WVNCC, Fed One, or HEAF that he was not attending classes. WVNCC administratively withdrew Ross for non-attendance. Both Fed One and HEAF demanded repayment of the loan, but Ross refused. Consequently, the federal government paid the guarantee.
 
 
 5
 The jury returned a guilty verdict on both counts. The district court sentenced him to one year incarceration for each count, running consecutively. The court suspended Ross's sentence as to the second count and placed him on a three-year probationary term following the completion of the first sentence. The court also ordered Ross to make restitution to HEAF in the amount of $1155.84.
 
 
 6
 On appeal, Ross argues that there was insufficient evidence to find him guilty of mail fraud. He contends that the government failed to present evidence that he knew or had reason to know that the mails would be used; therefore, the jury could not have been convinced beyond a reasonable doubt that he knew the mails would be used or caused the mails to be used. We disagree.
 
 II.
 
 7
 In evaluating the sufficiency of evidence to support a conviction, we view the evidence in the light most favorable to the government, and determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Furthermore, we accord the benefit of all reasonable inferences to the government. Tresvant, 677 F.2d at 1021.
 
 
 8
 To support a verdict of guilty of mail fraud, the evidence must have demonstrated that: (1) Ross knowingly participated in a fraudulent scheme, (2) a result of the scheme was the use of the mails, and (3) someone connected with the scheme caused the use of the mails. United States v. Odom, 736 F.2d 104, 109 (4th Cir. 1984). Although the government must establish that the mailings furthered the scheme, United States v. Maze, 414 U.S. 395, 398 (1974), the government "need not prove that the accused used the mails himself or actually intended that the mail be used." United States v. McClelland, 868 F.2d 704, 707 (5th Cir. 1989). The government did not have to prove that Ross mailed the document himself; it met its burden if it was reasonably foreseeable that the use of the mail would result from the scheme. United States v. Contenti, 735 F.2d 628, 631 (1st Cir. 1984).
 
 
 9
 Although the government did not produce evidence of Ross's specific knowledge that the mails would be used, there was sufficient evidence that Ross should have reasonably foreseen the use of the mails. The application contained three sections; each section specified the necessary party's certification. Ross, therefore, should have known that the application process involved more than a two-party transaction. In addition, this was Ross's second GSL application; he was familiar with the process. In considering circumstantial, as well as direct evidence, and allowing the government the benefit of all reasonable inferences from the facts proven to those sought to be established, Tresvant, 677 F.2d at 1021, we find this evidence sufficient to prove that Ross knew or had reason to know that the mails would be used in furtherance of his scheme.
 
 
 10
 Accordingly, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Ross does not contest his conviction for misapplying his student loan funds
 
 
 [2]
 Ross asserts that he was not able to attend class because he was in financial trouble and, therefore, had to work